E-FILED
Wednesday, 21 July, 2010  03:13:46 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JENA E. LIGGETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  10-cv-1226 |
| ) | |
| WATERSHED FOODS, LLC, ) | |
| ) | |
| Defendant. ) | |

## <u>O R D E R  &  O P I N I O N</u>

This matter is before the Court on Plaintiff's Motion to Proceed in forma pauperis. (Doc. 2). Plaintiff has filed a pro se Complaint against Defendant, her former employer, alleging that she was terminated in retaliation for reporting sexual harassment. (Doc. 1 at 6). For the reasons stated below, Plaintiff's Motion is granted.

Under 28 U.S.C. § 1915(a), the Court may allow a plaintiff to commence a civil suit without prepayment of the filing fee. Plaintiff states, under penalty of perjury, that her household's total annual income, from a combination of unemployment compensation, Social Security insurance, and foster child payments, is $25,176.[1] (Doc. 2 at 1). Plaintiff's household includes herself, her husband, who is disabled, and three dependent minor children. (Doc. 2 at 1). In addition, the

---

[1] The household's annual pre-tax income is $28,344. The Federal Poverty Guidelines are a cross-agency measure, and some agencies use pre-tax, or gross, income, while others use after-tax, or take-home, income. *See* Frequently Asked Questions Related to the Poverty Guidelines and Poverty, U.S. Department of Health & Human Services, http://aspe.hhs.gov/poverty/faq.shtml#before. The Court here relies on Plaintiff's after-tax income, as it reflects the amount available to the household.

household has $1302 in fixed monthly expenses for rent, insurance, and utilities, and Plaintiff owns a vehicle worth about $4,000. (Doc. 2 at 2).

Our Appellate Court has held that "[t]he privilege to proceed without [paying] costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Courts have sometimes used the Federal Poverty Guideline as a threshold for determining whether to allow a civil plaintiff to proceed without payment of fees. *See, e.g., Hernandez v. Dart*, 635 F.Supp.2d 798, 805 (N.D. Ill. 2009). The current poverty guideline for a five-person household is $25,790. Continuing Extension Act of 2010, Pub. L. No. 111-157, § 6, 124 Stat. 1116 (2010) (extending 2009 poverty guideline to May 31, 2010); Annual Update of the HHS Poverty Guidelines, 74 Fed. Reg. 4199-04 (Jan. 23, 2009). Plaintiff's household income is just under that threshold at $25,176. In its discretion, the Court therefore allows Plaintiff to proceed in forma pauperis.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Proceed in forma pauperis (Doc. 2) is GRANTED. Plaintiff is excused from paying the filing fee in this action under 28 U.S.C. § 1915(a). The Clerk SHALL deliver the Complaint, along with summons, to the United States Marshal, who is DIRECTED to serve it on Defendant, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3).

Entered this <u>21st</u> day of July, 2010.

                                                                              s/ Joe B. McDade  
                                                                   JOE BILLY McDADE  
                                     United States Senior District Judge